(Reap. Dec. 10442)

JOHN V. CARR & SON, INC. *v.* UNITED STATES

Entry No. 9858.

(Decided February 11, 1963)

*John C. Ray* for the plaintiff.

*Joseph D. Guilfoyle*, Acting Assistant Attorney General (*Richard H. Welsh* and *Daniel I. Auster*, trial attorneys), for the defendant.

OLIVER, Chief Judge: This is an appeal for reappraisement from a finding of value made by the appraiser at the port of Detroit upon the importation of a sports car from Canada. The facts are set forth in a stipulation of counsel, filed at the time of trial, and briefly are as follows:

The involved automobile, a TR3 Sports Triumph, was manufactured in England and sold to a Canadian distributor located in Toronto, Ontario. That firm sold it to an automobile dealer located in Windsor, Ontario, who thereafter sold and exported it to a United States purchaser located in Detroit.

There is no question but that the "alternative" basis of valuation, specified in section 402a, Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, applies to the valuation of the merchandise, and the parties are in agreement with respect to facts which result in the conclusion that neither foreign, export, nor United States value were applicable to the importation, and that the proper basis for the determination of the value thereof is cost of production, defined in section 402a (f) of the said act.

The cost of production valuation statute referred to reads as follows:

(f) COST OF PRODUCTION.—For the purpose of this title the cost of production of imported merchandise shall be the sum of—

(1) The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such or similar merchandise, at a time preceding the date of exportation of the particular merchandise under consideration which would ordinarily permit the manufacture or production of the particular merchandise under consideration in the usual course of business;

(2) The usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise;

(3) The cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States; and

(4) An addition for profit (not less than 8 per centum of the sum of the amounts found under paragraphs (1) and (2) of this subdivision) equal to the profit which ordinarily is added, in the case of merchandise of the same general character as the particular merchandise under consideration, by manufacturers or producers in the country of manufacture or production who are engaged in the production or manufacture of merchandise of the same class or kind.

Citing the decision of our appellate court in *United States* v. *British Cars & Parts, Inc., et al.*, 47 CCPA 114, C.A.D. 741, the parties are in apparent agreement that the manufacturing costs, usual general expenses, and profits involved in producing such cars in England are properly elements of their statutory cost of production, and they have agreed on amounts in English pounds representing the elements covered by items (1), (2), and (4) of the statute quoted above.

The point at which the parties disagree and which gives rise to this litigation is with respect to the components which should be included in item (3) of the statute above, that is to say—

(3) The cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States.

The appraiser included in the value returned by him all of the costs incurred after the manufacture of the car in England up to and including its preparation for shipment to the United States at Windsor, i.e., ocean freight and insurance from England to Canada, Canadian sales and excise taxes,[1] the Canadian distributor's markup, and the costs in Canada of preparing the automobile for shipment to the United States.

The plaintiff contends that only the last item was properly includable as a component of item (3) and contends that the other costs are not components of such item.

Counsel for both parties cite and rely upon the decision of our appellate court in the *British Cars & Parts, Inc.*, case, *supra*. For the plaintiff, it is pointed out that, in the said case, the court denominated the costs covered by item (3) as—

* * * the cost of preparing "the particular merchandise under consideration," packed ready for shipment to the United States and is thus clearly the actual cost of such preparation *in whatever country it takes place* [emphasis supplied],

from which counsel for the plaintiff obviously infers that such costs would be only those incurred in the country of exportation, as distinguished from the country of manufacture, in a case such as that at bar.

On behalf of the defendant, its counsel contends that all of the costs which were incurred between manufacture and shipment to the United States are properly components of item (3) of the cost of production statute, since they were incurred "incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States." In other words, it is contended that exportation from Canada to the United States could not have occurred if the involved automobile had not first been shipped from England to Canada, with the attendant costs involved in such shipment.

The issue thus presented is one of first impression and, in the opinion of the writer, was not directly passed upon by our appellate court in the *British Cars & Parts, Inc.*, case. It was not involved in the determination of the issue in that case, for the reason that the parties there stipulated the total amount of the cost of production of the automobile there involved, if the cost of production of such automobile

---

[1] These taxes were refunded to the exporter after the automobile was exported to the United States.

in England was the proper method of valuation. The court took occasion to say—

It has been stipulated that the "cost of production" of the instant automobiles in England as ascertained by reference to manufacture in England and subsequent sale thereof as referred to in Section 402(f) was 356 English pounds each, which we assume includes the cost of packing for shipment to the United States, wherever they were incurred.

I am of the opinion that the correct rule is that where merchandise is produced in one country, which is not the country of exportation, and shipped to another, from whence it is exported to the United States, the costs involved in such shipment and preparation for exportation to the United States are properly part of the cost of production of the merchandise for the purposes of section 402a(f), *supra*.

In this case, the country of exportation of the merchandise unquestionably was Canada, and the country of manufacture or production was England. It appears to me to be logical, and in line with the plan or scheme of the cost of production statute, that the "costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States," should include all those costs, etc., which occur after manufacture and prior to actual shipment to the United States which can be properly referred to the operation of "placing the particular merchandise under consideration in condition, packed ready for shipment to the United States." The cost of moving the merchandise from the place of manufacture to the place of shipment to the United States is one of the necessary elements of such operation.

However, I do not believe that all of the elements which were included by the appraiser in item (3), in the case at bar, can properly be denominated as costs, charges, and expenses of the type intended to be covered by that item. In the *British Cars & Parts, Inc.*, case, *supra*, our appellate court referred to the costs, etc., covered by item (3) as the cost of "preparing" or "packing" the merchandise for shipment to the United States—the connotation being that the costs, etc., had something to do with the *physical* handling of the merchandise. I am of the opinion that that is the correct scope of the costs, charges, and expenses intended to be covered by item (3).

The distributor's markup represents an item which is referable neither to the costs, expenses, and profit involved in the manufacture of the goods, nor to the actual costs, charges, or expenses of placing them in condition, packed ready for shipment to the United States. While it is an incident to the transaction involving the production and exportation to the United States of the car in question, it is not one of the elements of cost of production, within the contemplation of the statute.

It is quite obvious to me that the cost of production statute was intended to result in a value representing the costs, expenses, and profits involved in producing merchandise *in the first instance*, plus the actual cost of putting it in the condition, that is to say, the physical condition, in which it was ready for shipment from the country of exportation to the United States.

Following this same line of reasoning, I am of the opinion that the Canadian sales and excise taxes, which were refunded after exportation, formed no part of the *actual* cost of placing the merchandise in condition, packed ready for shipment to the United States. Counsel for the defendant has cited the cases of *Schweppes* (*U.S.A.*), *Ltd.* v. *United States*, 43 Cust. Ct. 608, A.R.D. 111, and *Swizzels, Inc.* v. *United States*, 38 Cust. Ct. 644, Reap. Dec. 8794, as holding that excise or import taxes, paid on the ingredients used in the manufacture of merchandise, which were refunded upon later exportation of the finished product, are, nevertheless, part of the cost of production under the cost of production formula here involved. Counsel reasons that a similar result is required here.

I am of the opinion that the difference between the situations involved in those cases and that in the case at bar is, as pointed out by counsel in the reply brief filed in behalf of the plaintiff, that the statute specifically provides that the cost of materials covered by item (1) of the cost of production statute is to be determined at a particular time, i.e., at or prior to the date of exportation of the merchandise under consideration, whereas the costs, charges, and expenses covered by item (3) are to be those *actually incurred* with respect to the particular merchandise under consideration, i.e., the net costs. Moreover, such taxes do not relate to the physical condition of the merchandise.

On the record before me, I am of the opinion that the only costs, charges, and expenses which the record establishes were incurred in connection with placing the merchandise in condition, packed ready for shipment to the United States, were the costs for ocean shipment and insurance, England to Canada, and the cost, in Canada, of preparing the automobile for shipment to the United States. All of the other elements included in the appraised value, i.e., the distributor's markup and the Canadian sales and excise taxes, I find not to be properly includable in item (3) of the statute.

I, therefore, find as facts:

(1) That the importation here involved consists of one automobile, a TR3 Sports Triumph, manufactured in England, and sold and shipped to a Canadian distributor.

(2) That, after importation into Canada, the distributor resold the particular automobile to a Canadian retailer, who subsequently sold and shipped it to an importer in the United States.

(3) That such automobiles are specified in the final list, published as T.D. 54521 by the Secretary of the Treasury, in accordance with the provisions of section 6(a) of the Customs Simplification Act of 1956.

(4) That such or similar automobiles were not freely offered for sale to all purchasers, either in England or in Canada, for home consumption or for exportation to the United States.

(5) That such or similar imported automobiles were not freely offered for sale to all purchasers for domestic consumption in the United States.

(6) That, at or prior to the time of exportation here involved, such or similar automobiles were not manufactured in Canada.

(7) That, with respect to the cost of production, in England, of such or similar automobiles, within the meaning of section 402a(f), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, the cost of materials, etc., specified in item (1) of said statute, was £433.18.1; the usual general expenses specified in item (2) of said statute were £45.16.11; and the addition for profit specified in item (4) of said statute was £38.7.7.

(8) That, in addition to the foregoing, the amounts incurred in exporting the involved automobile from England to Canada to the United States are the following: Ocean freight and insurance, England to Canada, Canadian $72.60; Canadian sales tax, 11 per centum or Canadian $154.66; Canadian excise tax, 7½ per centum or Canadian $105.45; outlay in Canada in preparing the automobile for shipment to the United States, Canadian $27.50; Canadian distributor's markup, Canadian $458.29.

(9) That the Canadian sales and excise taxes aforesaid were refunded to the Canadian exporter, upon exportation of the automobile to the United States.

I conclude as matters of law:

(1) That cost of production, as defined in section 402a(f), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for the determination of the value of the automobile involved.

(2) That the amounts specified in finding of fact (8) for Canadian sales tax, Canadian excise tax, and the Canadian distributor's markup form no part of the statutory cost of production of the involved automobile.

(3) That such cost of production was the total of the amounts specified in finding of fact (7), £518.2.7, English currency, plus the amounts actually expended for ocean freight and insurance, Canadian $72.60, and for preparing the automobile in Canada for shipment to the United States, Canadian $27.50.